Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 3017 | DATE | 4/27/2001 |
| CASE TITLE | USA vs. Carol Hoogenboom | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In summary "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court" (Rule 4(b) of the Rules governing Section 2255 Proceedings for the United States District Courts). That being the case no answer from the United States Attorney is required and the motion is dismissed summarily. Hoogenboom's motion for appointment of counsel and application to proceed without prepayment are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | APR 30 2001 | 6 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 4/27/2001 | |
| | | date mailed notice | |
| SN | courtroom deputy's initials | SN | |
| | | mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
      v.                        )   No. 97 CR 123-1
                                )   (No. 01 C 3017)
CAROL HOOGENBOOM,               )
                                )
            Defendant.          )

MEMORANDUM OPINION AND ORDER

Carol Hoogenboom ("Hoogenboom") has just tendered a bulky self-prepared motion under 28 U.S.C. §2255,[1] seeking to overturn her conviction on charges stemming from a massive Medicare fraud for which she is now serving a 70-month prison term.[2] Even though Hoogenboom's conviction and sentence were upheld on direct appeal on April 4, 2000 (209 F.3d 665 (7th Cir. 2000)), her Section 2255 motion has come in under the wire in terms of that statute's one-year period of limitation.

In that last respect, Hoogenboom's current submission was received on April 24, 2001 (more than a year after the April 4, 2000 date)--but the determinative factor is rather that this District Court received the certified copy of the order of

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] Although nonlawyer Hoogenboom has mistakenly used the Petition for Writ of Habeas Corpus form provided by this District Court's Clerk's Office for true habeas claims, the content of her submissions places them squarely within the scope of a Section 2255 motion. This Court will treat her current post-conviction effort accordingly.

affirmance--the Court of Appeals' mandate--on April 26, 2000. Under those circumstances <u>Gendron v. United States</u>, 154 F.3d 672, 674 (7th Cir. 1998)(per curiam) controls to confirm the timeliness of the present Section 2255 motion:

> Accordingly, we hold that federal prisoners who decide not to seek certiorari with the Supreme Court will have the period of limitations begin to run on the date this court issues the mandate in their direct criminal appeal. Any other reading of the statutes would render the additional language in §2244 meaningless, a result we must avoid.

One other matter should be addressed before this opinion turns to the substance of Hoogenboom's claims. Despite her obligations to provide a copy of her documentation for service on the United States (Fed. R. Civ. P. 5(a)) and to provide still another copy for this Court's use (this District Court's LR 5.2(c)), Hoogenboom has tendered only a single set of the 1-1/2 inch thick submission that accompanies the motion itself (which, as previously stated, takes the form of a filled-in Petition for Writ of Habeas Corpus). Section 2255 motions, which are treated as a continuation of the original case rather than as the institution of a new lawsuit (although a civil case number is assigned to each such motion purely for convenience), carry no obligation for payment of a filing fee. But that does not justify Hoogenboom's conduct in thrusting on others the burden and expense of photocopying the exhibits that accompany her motion.

2

As this memorandum opinion and order goes on to explain, Hoogenboom's motion is subject to summary disposition at this threshold stage, so that no photocopies of her voluminous filing need to be made now. But if any future developments were to call for the copying that Hoogenboom should have provided at the outset, the requisite photocopies will indeed be charged to Hoogenboom--and an order will be directed to her custodial institution to pay that bill out of her trust fund account as soon as funds there are adequate for that purpose.

Now on to Hoogenboom's current effort to overturn her conviction on constitutional grounds. As the Court of Appeals' opinion reflected, this Court rather than a jury served as the trier of fact (209 F.3d at 666), and it is really an understatement to say (as this Court did in announcing its finding at the end of the trial) that the evidence of her guilt was truly overwhelming. Among other things, this Court heard Hoogenboom's testimony and found her a totally incredible witness. As the Court of Appeals accurately reported in part (id. at 668, 670):

> Hoogenboom told a markedly different story. She testified that she performed all the work she billed up until she hired Hanan, but that from then on she assumed a purely supervisory role. She said that, after initially supervising Hanan's activities quite closely, she was fooled into believing that Hanan was still treating the patients. She also said that Hanan convinced her to hire Thaer and that Hanan was responsible for supervising his work. Finally, she reported that once she became aware that the two were

3

conning her, she immediately fired them both.

The judge was underwhelmed by this defense. He said Hoogenboom's "preposterous effort to rationalize" her conduct and "prevail on the balance of her own perjury" could hardly "avoid the crushing impact...[of] the overwhelming evidence that the government provided with respect to her guilt."

\*        \*        \*

Hoogenboom next contends that the government failed to show that she possessed the requisite mens rea to support her convictions on all crimes except obstruction of justice. She argues that since the prosecution's only evidence of her intent came from the testimony of the Shaktahs, and this directly conflicted with her own more believable testimony, the prosecution failed to prove its case beyond a reasonable doubt.

Again, preposterous. The district court called the evidence against Hoogenboom "crushing" and "overwhelming." Indeed, the court noted that even without the Shaktahs' testimony Hoogenboom was proven guilty beyond a reasonable doubt. Plus, the judge expressly found that Hoogenboom's testimony was perjured. Viewing the case in any light--let alone that most favorable to the government--there was ample evidence to support the finding that Hoogenboom intended to commit her crimes.

This Court has managed to wade through every page of Hoogenboom's extraordinarily bulky submission.³ What she has

---

³ That adjective and the accompanying adverb really do not do adequate justice to the volume of what she has tendered. This opinion has had to refer to the 1-1/2 inches of thickness because Hoogenboom has not numbered her pages (some don't even have enough bottom margin to permit such an insertion). All of her typewritten pages are so closely single spaced, with minimal margins at the sides, top and bottom that a random count discloses over 550 words on a sample page! If Hoogenboom had instead complied with court rules in those respects, it seems likely that the thickness of her filing would have just about doubled.

4

tendered has made it extraordinarily plain (though she obviously will never admit it) that she remains in total denial. Just as she did during the trial and on direct appeal, in substantial part Hoogenboom continues to attempt to lay the blame for her extensive fraudulent activity at the door of her co-defendants Hanan and Thaer Shaktah, portraying herself as an honest provider of Medicare services who was victimized by the Shaktahs' fraudulent activities. That of course necessitates Hoogenboom's glossing over the detailed and damning direct evidence of her culpability, as well as overturning the credibility determinations that this Court made at trial.

In brief, Hoogenboom's first of five asserted grounds for Section 2255 relief--this time blaming the government prosecutors for misconduct (more of her pattern of attempting to ascribe fault to everyone but herself)--fails abysmally. In that respect her assertion of nondisclosure of some snippets of evidence that she says were favorable to her defense[4] is unpersuasive, for those items could not--either individually or in combination--have created any reasonable doubt as to her richly demonstrated guilt.

But Hoogenboom has now extended her pattern of denial (an

---

[4] Even that assertion is puzzling, for in the very next paragraph of her filing (Petition ¶12(B), setting out her claimed second ground) she says that her trial lawyer had copies of the documents that she claims the prosecutors failed to disclose.

5

interesting phenomenon on the part of someone with a master's degree in psychology, followed by a Ph.D at the Forest Institute of Professional Psychology[5]) to blaming her lawyer--an essential component of her Section 2255 attack, which must of course claim the deprivation of constitutional rights. But here too Hoogenboom comes up empty. Strickland v. Washington, 466 U.S. 668 (1984) continues to define the constitutional standard for the quality of a defense counsel's representation, demanding a dual showing that counsel's performance was seriously deficient and also (id. at 694):

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland went on to say (id. at 697):

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an

---

[5] It is extraordinarily difficult to believe that, in some sort of self-hypnotic fashion, Hoogenboom truly believes the distorted picture that she still seeks to paint. It seems far more likely that her current arguments reflect an attempted fraud on the justice system, a kind of extension of her original fraudulent scheme.

6

ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

That teaching is dispositive here. However dubious Hoogenboom's claims as to her experienced trial lawyer's shortcomings may be, there is no need to examine them on the merits--for again she is flat-out wrong in contending that any of the matters to which she refers (once more either singly or in combination) have undermined confidence in this Court's conclusive findings of her guilt beyond a reasonable doubt on each of the counts at issue during trial.

Next, Hoogenboom's asserted third ground advances a mistaken view of double jeopardy. This Court properly imposed a joint and several restitution obligation on Hoogenboom and her co-defendants the Shaktahs--and the amount of that obligation (some $480,000) conformed precisely to the proof at trial. Moreover, any claim of error in that respect (and there was none) could have been advanced on Hoogenboom's direct appeal, and it is of course well established that a Section 2255 motion cannot be employed as a substitute for appeal.

Hoogenboom's fourth and penultimate claim need only be quoted to demonstrate its total unsoundness as a claim of constitutional deprivation. Here (copied verbatim) is what she views as demonstrating that "Her Conduct does not rise to the Level of a Federal offense and Petitioner was not offered Equal

Protection under the Law":

> All three co-defendants were covered for up to 3 million dollars in professional liability insurance for less than a $400.00 [sic!] civil matter. Medicare breached their contract by not following their own procedures or guidelines when there is a billing discrepency. Plus, Forest Hospital, which was located less than a mile from Dr. Hoogenboom's Glenview office was scamming Medicare for years out of millions of dollars, but the Government allowed them to settle at a civil level for four million dollars. All of her co-defendants were together insured up to 10 million dollars and could have easily settled at the civil level with no one going to prison.

In Hoogenboom's view of the universe, it appears that criminal fraud is excusable if the victim might possibly be restored financially by resorting to the criminal's insurance coverage. Quite apart from the open question whether a professional liability insurer would in fact have to make good for its insured's <u>criminal</u> wrongdoing, that view has no support in law. Nor is Hoogenboom entitled to complain about some other asserted wrongdoer's nonprosecution as a predicate for giving her a pass for her own blatant and large-scale fraud.

Finally, Hoogenboom advances a general assertion that she was deprived of due process on this ground:

> The information the Government used to sentence the Petitioner was false and misleading. All the witnesses committed perjury and could have easily been impeached if her ineffective attorney presented any of the 1000's of documents stated in her 2255 Memorandum. She has been in prison for over two years for a crime she did not have any knowledge of or intentions to commit.

As with Hoogenboom's other challenges to the evidence, she is

8

either living in a dream world or seeks to have this Court enter one. Even apart from the fact that our Court of Appeals has upheld this Court's determinations as to credibility and the overwhelming weight of the evidence, no collateral attack on that score can succeed.

In summary, "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court" (Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts). That being the case, no answer from the United States Attorney is required and the motion is dismissed summarily (id.).[6]

_____
Milton I. Shadur
Senior United States District Judge

Date: April 27, 2001

---

[6] What has been said here moots Hoogenboom's contemporaneously filed Motion for Appointment of Counsel, and it is denied on that ground. And as indicated earlier, her Application To Proceed Without Prepayment of Fees operates on the mistaken premise that a Section 2255 motion involves a fee, so it too is denied on mootness grounds.

9